Deyo, J.
Appeal by the employer and carrier from an award of the Workmen’s Compensation Board in favor of the claimant.
Claimant, an airplane service representative, had been, in the general employment of Curtiss-Wright Corporation at various points in the United States since May 23,1942. In April of 1943, pursuant to the instructions of his employer, he proceeded overseas to India to instruct and aid in the maintenance of his employer’s aircraft operated under the direction of the China-Burma-India Command of the United States Army. His headquarters were at Delhi, but he did his actual work at various airfields wherever needed. While traveling from one to another, he sustained the injuries complained of. "
Liability is resisted on the grounds that the Workmen’s Compensation Board was without jurisdiction, due to the provisions of the Federal Defense Bases Act (U. S. Code, tit. 42, § 1651 et seq.), the pertinent provisions of which are as follows:
“ (a) Except as herein modified, the provisions of sections 901-921 and 922-950 of Title 33, shall apply in respect to the injury or death of any employee engaged in any employment &emdash;
" (1) at any military, air, or naval base acquired after January 1, 1940, by the United States from any foreign government; or * * *
*3 “ (4) under a contract entered into with the United States * * * where such contract is to he performed outside the continental United States * * * for the purpose of engaging in public work, and every such contract shall contain provisions requiring that the contractor * * * (1) shall, before commencing performance of such contract, provide for securing to or on behalf of employees engaged in such public work under such contract the payment of compensation and other benefits under the provisions of sections 1651-1654 of this title * * *.
“ (b) As used in this section, the term ‘ public work ’ means any fixed improvement or any project involving construction, alteration, removal, or repair for public use of the United States or its Allies, including but not limited to projects in connection with the war effort, dredging, harbor improvements, dams, roadways, and housing, as well as preparatory and ancillary work in connection therewith at the site or on the project.” [§ 1651.]
Bearing in mind the statutory presumption of jurisdiction embodied in section 21 of the Workmen’s Compensation Law, the evidence herein adduced falls far short of establishing that claimant, at the time of his injury, was employed “ at any military, air, or naval base acquired * * * by the United States The sole evidence in this respect is the claimant’s testimony to the effect that the only personnel present at the airfields where he worked, was that of the U. S. Army Air Corps. “ Occupancy ” is not a synonym for “ acquisition,” and the mere presence of the Air Corps is no proof of either voluntary or involuntary cession of sovereignty on the part of any foreign government. The facts presented in Republic Aviation Corp. v. Lowe (164 F. 2d 18, certiorari denied 333 U. S. 845) are entirely dissimilar in this respect. There the airport was on the island of la Shima, which was stipulated to have been in the possession and control of the United States armed forces by right of conquest at the time the accident occurred. There is not even a suggestion of any such situation in the case at bar. Moreover, claimant’s base of operation overseas was Delhi. His work at the various airports was purely transitory in nature. Certainly there can be no claim that this Indian city was ever “ acquired ” by the United States. The “substantial” evidence required by section 21 of the Workmen’s Compensation Law, in order to oust the board of its jurisdiction has not been produced.
The contention that the instant case falls within the scope and meaning of paragraph (4) of subdivision (a) of section 1651 of the act is likewise not supported by the evidence. Even though *4 we assume that the employment was pursuant to the oontract between the employer and the Government, neither that employment nor the contract itself had any relation to “ public work ” as defined in subdivision (b) of the above section. Under its contract with the Government the employer agreed to furnish some seventy-five civilian aircraft technicians for overseas service, whose duties were to supervise, instruct and assist with the assembly, operation, service, repair and alteration of aircraft manufactured by the employer. The evidence discloses that claimant, an aircraft technician, whose employment predated the contract with the Government, was sent to India to instruct and aid in the maintenance of his employer’s aircraft. It was while so engaged that he suffered his injuries. It seems obvious to us that the Congress in the enactment of this legislation and in the definition of “ public work ” intended to limit its scope to projects of a fixed and permanent nature, and to afford coverage only to those employees who were engaged in construction and similar work. It requires a strained and unnatural interpretation to stretch its phraseology to cover an aircraft technician. In Republic Aviation Corp. v. Lowe (supra) the Appellate Court declined to thus interpret the section. Likewise, Matter of Berman v. Hudson American Corp. (271 App. Div. 847, leave to appeal denied 296 N. T. 1055) although not on all fours with the case at bar, lends persuasion to the determination herein reached. There the court affirmed a compensation award, declining to find that a radio technician sent to England to advise concerning the installation, operation and maintenance of certain crystal modification units furnished to the United States Government by the employer, was engaged in “ public work,” within the intent and meaning of paragraph (4) of subdivision (a) of section 1651.
In passing it should be noted that the section under consideration directs the contracting parties to incorporate in their contract a provision requiring the contractor to secure Federal compensation coverage for his employees. The fact that the contract in question is silent on this score is at least somewhat indicative of the intent of the parties.
The appellants have failed to establish an employment within the scope of the Federal Defense Bases Act. The award should, therefore, be affirmed, with costs to the Workmen’s Compensation Board.
Foster, P. J., Hefferhah, Santry and Bebgan, JJ., concur.
Award affirmed, with costs to the Workmen’s Compensation Board.